IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randolph Warren Mayley,<br><br>                Petitioner,<br><br>vs.<br><br>United States of America; Carolina First; and Pavilion Towers, LLC,<br><br>                Respondents. | C.A. No. 8:11-CV-0896-JMC-JDA |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OF
CAROLINA FIRST BANK**

**I.    Introduction and Summary of Argument**

Petitioner Randolph Warren Mayley seeks to quash a summons issued by the United States Internal Revenue Service ("IRS") to Respondent Carolina First Bank ("Carolina First") and one other Respondent, Pavilion Towers, LLC.

Carolina First moves to dismiss this action as to Carolina First on two grounds: first, the IRS does have authority to issue valid summonses like the one at issue here; and second, the return date on the summons to Carolina First has passed, and Petitioner's motion to quash is moot as to Carolina First.

**II.    Legal Standard**

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the U.S. Supreme Court addressed the standard for pleading sufficient facts to state a claim:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff alleges factual content that allows the

1

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

\* \* \*

Two working principles underlie our decision in *Twombley*. First, **the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions**. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, **only a complaint that states a plausible claim for relief survives a motion to dismiss**. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. **But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."** Fed. R. Civ. P. 8(a)(2).

129 S. Ct. at 1949 (internal citations omitted; emphasis added).

### III.  Argument

### A. All of Petitioner's Arguments Are Aimed at the IRS's Authority to Issue the Summons. The IRS Plainly Has That Authority.

Petitioner does not direct any allegations at Carolina First. Instead, Carolina First is plainly a party only because the IRS summons that Petitioner seeks to quash was directed to Carolina First. All of Petitioner's arguments are directed to the issue of the IRS's authority to issue that summons.

That question is well settled. Numerous courts have considered the arguments Petitioner makes and concluded that the IRS does have the authority to issue summonses. *See, e.g., Spell v. U.S.*, 907 F.2d 36 (4th Cir. 1990) (Section 7602 endows the IRS with expansive information gathering authority, including the right to obtain information from third parties like banks).

Petitioner does not plead any exceptional circumstances that would justify quashing the summons on Carolina First, instead relying only on conclusory assertions that the IRS lacks

2

authority or has acted improperly. Because the summons was proper, this action should be dismissed as to Carolina First.

> B. *Because the Time for Compliance Has Passed, Petitioner's Claim Against Carolina First is Moot.*

The summons on Carolina First, attached to the Petition, bears a return date of April 8, 2011. Carolina First was served with the Petition only on May 17, 2011 – well after the return date. The Petition does not allege that Carolina First has not already complied with the summons. Indeed the Petition alleges that "Petitioner suspects that . . . Carolina First may have already given the IRS what it asked for . . . ." Amended Petition p. 4.

Carolina First's compliance with the IRS's summons means that Petitioner's claim as to Carolina First[1] is moot. This only makes sense. At this point, no relief can be obtained against the party to which the summons was issued; the only question is whether the IRS will be limited in its subsequent use of the information.

Because this Petition was served only after the return date on the summons, and because the only allegation in the Petition regarding the topic expresses Petitioner's belief that Carolina First has already complied with the summons, the Petition as to Carolina First should be dismissed as moot.

## IV.   Conclusion

The IRS has the power to issue a valid summons. Nothing in the Petition suggests that the summons at issue is not valid. Moreover, the Petition is untimely, coming after the return date of the summons. Whatever dispute may remain between Petitioner and the IRS, that dispute

---

[1] The Supreme Court has held that compliance with an IRS summons does not render a challenge to the summons moot as it relates to the IRS, since the Court can still direct the IRS not to use the materials. *Church of Scientology of California v. United States,* 506 U.S. 9, 113 S. Ct. 447 (1992). By contrast, Carolina First cannot be ordered to "undo" earlier compliance with the summons, and so the claim as to it is moot.

does not involve Carolina First.  For both reasons, this matter should be dismissed as to Carolina First.

                      Respectfully submitted,

                      s/ J. Theodore Gentry_____
                      J. Theodore Gentry (No. 5566)
                      WYCHE, P.A.
                      44 E. Camperdown Way
                      Post Office Box 728
                      Greenville, SC  29602-0728
                      Tel:  864-242-8270
                      Fax:  864-235-8900
                      Email:  tgentry@wyche.com

                      **ATTORNEYS FOR RESPONDENT
CAROLINA FIRST BANK**

Date:  May 25, 2011