IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Randolph Warren Mayley, ) | Case No. 8:11-cv-896-JMC-JDA |
| ) | |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| United States of America; Carolina First; ) | |
| and Pavilion Towers, LLC, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the Court on an amended petition to quash IRS summonses filed by Petitioner [Doc. 14], a motion to dismiss filed by Respondent Carolina First ("Carolina First") [Doc. 23], and a motion to dismiss filed by Respondent Pavilion Towers, LLC ("Pavilion Towers") [Doc. 42]. Petitioner is proceeding pro se. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pre-trial matters involving litigation by individuals proceeding pro se and submit findings and recommendations to the District Court.

## BACKGROUND

On March 30, 2011, Petitioner filed a Complaint against the Internal Revenue Service ("IRS"), IRS Agent Greta McPherson ("McPherson"), and McPherson's co-workers. [*See* Doc. 1 (the Complaint filed in 8:11-cv-768-JMC).] The Complaint sought damages and an order quashing the summonses McPherson issued to Carolina First and Pavilion Towers. [*Id.*] The Court separated Petitioner's Complaint into two separate civil actions:

*Mayley v. McPherson*, 8:11-cv-768-JMC, and the above-captioned matter, *Mayley v. United States of America*, 8:11-cv-896-JMC-JDA. [Doc. 8.]

On April 18, 2011, the Court ordered Petitioner to bring this case into "proper form" within twenty-one days by submitting a separate summons for each named Respondent, completing Form USM-285 for each named Respondent, completing his answers to Rule 26.01 Interrogatories, and filing an amended petition to quash on the form provided by the Court. [*Id.*] Petitioner complied with the Court's order on May 4, 2011. [Docs. 12–14.] Upon reviewing his submissions, the Court authorized service of process on May 5, 2011. [Doc. 18.] Carolina First and Pavilion Towers were served on May 18, 2011 and May 20, 2011, respectively [Docs. 34, 35] and filed motions to dismiss for failure to state a claim on May 25, 2011 and June 10, 2011, respectively [Docs. 23, 42]. Respondent United States of America ("the United States") was served on May 19, 2011 [Doc. 36] and filed a response in opposition to Petitioner's amended petition to quash the summonses on July 15, 2011 [Doc. 50].

Petitioner's Amended Petition seeks to quash the summonses issued to Carolina First and Pavilion Towers and alleges (1) the IRS lacks personal and territorial jurisdiction over Petitioner; (2) the IRS did not make a valid tax determination and assessment; (3) Petitioner should have full and equal benefit of all laws; (4) the summonses were issued in bad faith; (5) there are procedural defects in the issuance of the summonses; (6) the Anti-Injunction Act is not applicable to this case because the IRS's actions were illegal; (7) the summonses violate Petitioner's Fourth and Fifth Amendment rights; and (8) the IRS is improperly using the summonses against Petitioner. [Doc. 14.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for

3

summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

## DISCUSSION

**Petition to Quash**

As stated above, Petitioner seeks to quash the summonses issued to Carolina First and Pavilion Towers. The Court finds the summonses were properly issued.

Pursuant to Article I, § 8 of and the Sixteenth Amendment to the United States Constitution, Congress has the power to tax. U.S. Const. art. I, § 8, cl. 1 ("The Congress shall have Power To lay and collect Taxes . . . ."); U.S. Const. amend. XVI ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived . . . ."). Congress has lawfully delegated the power to tax to the IRS, giving the IRS the authority and the affirmative duty to assess and enforce taxes. *See* 26 U.S.C. § 6201 (stating that "[t]he Secretary [of the Treasury] is authorized and required to make the inquiries, determinations, and assessments of all taxes . . . imposed by this title"); *id.* § 7801 (granting the Secretary of the Treasury the responsibility for the administration and enforcement of the internal revenue laws); *see also Donaldson v. United States*, 400 U.S. 517, 534 (1971) ("We bear in mind that the Internal Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under § 7801(a) of the 1954 Code for the administration and enforcement of the internal revenue laws." (footnote omitted)); Act of July 1, 1862, ch. 119, 12 Stat. 432 (the act to which the IRS can trace its establishment).

Section 7601 of the Internal Revenue Code ("IRC") broadly defines the IRS's statutory duty and powers of investigation. Specifically, § 7601 provides:

> The Secretary shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax . . . .

26 U.S.C. § 7601(a). To determine the correctness of any return or the liability of any person for any internal revenue tax, the IRS may "examine any books, papers, records, or

other data which may be relevant or material to such inquiry." *Id.* § 7602(a)(1).  The IRS also has authority

> [t]o summon the person liable for tax or . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or . . . any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry.

*Id.* § 7602(a)(2).

Section 7602 is the IRS's principal information-gathering tool.  *See id.* § 7602.  In light of its intended purpose of furthering tax investigations, courts have construed § 7602 broadly and have repeatedly rejected attempts to circumscribe or thwart the effective exercise of the IRS' summons power.  *See, e.g.*, *United States v. Euge*, 444 U.S. 707, 715–16 (1980) (collecting cases to demonstrate that the Supreme Court's precedents preclude a narrow interpretation of § 7602).  Further, the Supreme Court has cautioned against restricting the summons authority absent express legislative direction.  *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 318 (1985) (quoting *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984)).

Section 7609(b) provides a person whose information is the subject of a summons issued pursuant to § 7602 with the right to petition a court to quash the summons, provided the person files his petition within twenty days of receiving notice of the summons.[1]  26

---

[1] Specifically, § 7609(b) provides that "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons."  26 U.S.C. § 7609(b).  Under § 7609(a), a person is entitled to notice of a summons if § 7609 applies to the summons and the summons

> requires the giving of testimony on or relating to, the production of any

6

U.S.C. § 7609(b). In opposing a petition to quash a summons, the United States bears the initial burden of making a prima facie showing that: (1) the summons was issued for a legitimate purpose; (2) the information sought may be relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) all administrative steps required by the IRC with respect to the issuance and service of a summons have been followed. *See Powell v. United States*, 379 U.S. 48, 57–58 (1964). "The government may establish its prima facie case by an affidavit of an agent involved in the investigation averring the *Powell* good faith elements." *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987) (citing *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981); *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir. 1979)).

To quash a summons, the petitioner must rebut the United States' prima facie case and prove that enforcement of the summons would be an abuse of the court's process, *Powell*, 379 U.S. at 58, which is a heavy burden, *see Alphin*, 809 F.2d at 238 ("The party challenging the summons bears the heavy burden of disproving the actual existence of a valid civil tax determination or collection purpose." (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978))). Unless the party challenging the summons alleges in his pleadings specific facts that are supported by affidavits and from which the court can infer a possibility of some wrongful conduct by the IRS, the court should not allow discovery and should "dispose of the proceeding on the papers before it and without an

---

portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons.

*Id.* § 7609(a).

7

evidentiary hearing." *Id.* (citing *Kis*, 658 F.2d at 540; *Garden State Nat'l Bank*, 607 F.2d at 71).

### *The IRS Has Jurisdiction Over Petitioner*[2]

Petitioner contends the IRS lacks jurisdiction over him, and therefore, the summonses to Carolina First and Pavilion Towers should be quashed. [Doc. 14 at 4–5.] Liberally construing Petitioner's argument, Petitioner contends the IRS lacks jurisdiction over Petitioner because he is not subject to the provisions of the IRC. The Court disagrees.

As described above, the Constitution grants Congress the authority to tax, and the IRC—legislation enacted by Congress pursuant to its constitutional authority, U.S. Const. art. I, § 8, cl. 1—mandates that a tax be imposed on the taxable income of individuals,[3] 26 U.S.C. § 1. Generally, "taxable income" is the individual's gross income minus deductions allowed under the IRC, except for the standard deduction. *Id.* § 63(a). "Gross income" is "all income from whatever source derived, including *(but not limited to)*" the several categories of income listed in § 61 of the IRC. *Id.* § 61(a) (emphasis added). For employees, most of their income tax—or perhaps all of their income tax—is collected at the source of their income, i.e. from employees' employers, because most of an employee's income is derived from compensation paid by his or her employer. *See id.* §§

---

[2] The United States argues Petitioner's contention that the IRS lacks jurisdiction over Petitioner is a frivolous argument and requires no discussion. [Doc. 50 at 7.] While the Court agrees Petitioner's argument is frivolous, the Court provides some explanation for this conclusion to rebut Petitioner's suggestion that courts label arguments as "frivolous" to abuse litigants. [*See* Doc. 54-12 at 3 ¶ 5.]

[3] The Court notes that the IRC mandates a tax on entities other than individuals, *see, e.g.*, 26 U.S.C. § 11, but for purposes of this Report and Recommendation, the Court limits its discussion to individuals because Petitioner is an individual and not a corporation or some other entity.

3401–3406.  The IRC also mandates how tax is assessed on an individual's self-employment income, *id.* §§ 1401–1403, and many other sources of income.  As a result, Congress's exercise of its constitutional authority to levy taxes reaches far and wide.

Although Petitioner submitted lengthy pleadings and several exhibits in support of his argument that he is not subject to the provisions of the IRC, his arguments are without merit.  Petitioner appears to argue he is not an individual subject to taxation by the federal government.[4]  [Doc. 54 at 4; *see* Doc. 14 at 4–5, 10, 18–19.]  However, Petitioner is a resident of South Carolina.  [Doc. 14 at 2, 7.]  The IRC imposes a tax on a wide range of individuals, including residents of the several States.  *See, e.g.*, 26 U.S.C. § 861.  Accordingly, Petitioner has failed to demonstrate he is not an individual subject to taxation under the IRC, and the IRS has jurisdiction over Petitioner.

### *The United States Has Met Its Burden to Establish a Prima Facie Case*

As stated above, in opposing a petition to quash a summons, the United States bears the initial burden of making a prima facie showing that: (1) the summonses were issued for a legitimate purpose; (2) the information sought may be relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) all administrative steps required by the IRC with respect to the issuance and service of a summons have been followed.  *See Powell*, 379 U.S. at 57–58.  To establish the *Powell* factors and that the summonses were issued in good faith, the United States submitted the affidavit of McPherson, who is a Revenue Agent and is investigating Petitioner's federal

---

[4] Petitioner asserts he is not a taxpayer. [*See, e.g.*, Doc. 54 at 9.] However, the IRC defines taxpayer as "any person subject to any internal revenue tax," 26 U.S.C. § 7701(a)(14), where "[t]he term 'person' shall be construed to mean and include an individual," *id.* § 7701(a)(1). Accordingly, under the IRC's definition, Petitioner is likely a taxpayer and is subject to the IRS's power of investigation to determine if he is a taxpayer. *See Powell*, 379 U.S. at 51.

income tax liability [Doc. 50-1 ¶¶ 1–2]. McPherson averred the summonses were issued for a legitimate purpose—to determine Petitioner's correct federal income tax liability for tax years 2003–2009—and the information sought was relevant to that purpose. [*Id.* ¶¶ 2–3, 6, 11.] McPherson also averred that, at the time the summonses were issued, the IRS did not possess the information sought, and although Carolina First and Pavilion Towers complied with the summonses and produced records, the records have remained unexamined and segregated. [*Id.* ¶ 10.] Finally, McPherson averred she complied with all applicable administrative procedures in issuing the summonses. [*Id.* ¶¶ 3–9.] Accordingly, by submitting the affidavit of McPherson, the United States has met its initial burden and established a prima facie case. *Alphin*, 809 F.2d at 238 (citation omitted) ("The government may establish its prima facie case by an affidavit of an agent involved in the investigation averring the *Powell* good faith elements.").

### *Petitioner Has Failed to Rebut the United States' Prima Facie Case*

First, Petitioner has failed to demonstrate the IRS's investigation of Petitioner's potential tax liability was not a legitimate purpose for the issuance of the summonses. Petitioner bears the heavy burden of demonstrating the summonses were not issued for a legitimate purpose, *see Powell*, 379 U.S. at 58; *Alphin*, 809 F.2d at 238. Further, to issue a summons, the IRS need not demonstrate probable cause. *Powell*, 379 U.S. at 51. The IRS can issue a summons for a legitimate purpose to investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Id.* at 57 (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642–43 (1950)). Therefore, contrary to Petitioner's view [*see, e.g.*, Doc. 14 at 7, 10; Doc. 54 at 4], the IRS need not

demonstrate proof of liability to issue the summonses. *Id.* at 51. Moreover, the summonses were not issued to harass Petitioner or harm his reputation. [Doc. 50-1 ¶ 16.] Likewise, Petitioner has failed to rebut the United States' prima facie case by demonstrating that enforcement of the summonses would be an abuse of the Court's process. Consequently, Petitioner has failed to rebut the United States' prima facie showing that the summonses were issued for a legitimate purpose.

Second, Petitioner has failed to demonstrate the information sought by the summonses is not relevant to the IRS's investigation; Petitioner merely asserts he should not be subject to an investigation by the IRS, and "[i]t is not clear to Petitioner how information related to how many people live with him is relevant to taxes." [Doc. 54 at 4; Doc. 14 at 4; *see also* Doc. 14 at 11–13.] Third, Petitioner has failed to demonstrate the IRS possessed the information sought. Finally, although he argues there were "procedural defects in the issuance of the summonses" [Doc. 14 at 8], Petitioner has failed to demonstrate the IRS failed to comply with the administrative procedures applicable to the

issuance and service of a summons.[5]  Therefore, Petitioner has failed to rebut the United States' prima facie showing that the summonses were issued in good faith.

### *The Summonses Do Not Violate Petitioner's Fourth and Fifth Amendment Rights*

Petitioner argues the summonses violate his Fourth and Fifth Amendment rights because "[g]eneral requests are explicitly prohibited by the Fourth Amendment to the U.S. Constitution" [Doc. 14 at 16 (footnote omitted)] and "[t]he Fifth Amendment protects Petitioner against being forced to provide evidence against him, and of due process before a loss of property" [*id.* at 15].  The Court disagrees.

An individual's Fourth Amendment rights are not implicated by a summons served on a third party.[6]  *See United States v. Miller*, 425 U.S. 435, 444 (1976) (finding the Fourth

---

[5] As the United States notes [Doc. 50 at 10–11], Petitioner's argument that McPherson violated the relevant administrative procedures in issuing the summonses is based on a misinterpretation of the relevant statutes.  For example, Petitioner contends he "has never committed any 'offense connected with the administration or enforcement' of IRS laws [because he] is not employed in any capacity to administer or enforce IRS laws" [Doc. 14 at 7], referencing § 7602.  Section 7602 states, "The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) [describing the authority to issue a summons] include the purpose of inquiring into any offense *connected with* the administration or enforcement of the internal revenue laws."  26 U.S.C. § 7602(b) (emphasis added).  Contrary to Petitioner's reading of the statute, the IRS—which is the delegate of the Secretary of the Treasury and given the power to administer and enforce the internal revenue laws—has the authority to issue a summons to determine whether a tax return is correct, to make a return when one has not been made, to determine any person's tax liability, and to collect any tax liability, *id.* § 7602(a), as well as to inquire into whether any offense has been committed under the internal revenue laws, *id.* § 7602(b).  The use of "connected with" in § 7602(b) makes the scope of the IRS's authority quite broad and does not limit the IRS's authority to issue summons to investigation of its own employees, as Petitioner reads the statute.  Further, § 7602(b) is not exclusive; its language reveals what the IRS' summons power includes and is not meant as a limitation of the IRS' summons authority.  Upon review of the relevant statutes and Petitioner's interpretations of the relevant statutes, the Court finds Petitioner's argument that McPherson did not follow the administrative procedures in issuing the summonses is without merit.

[6] Petitioner mistakenly contends the records the summonses seek to obtain from Carolina First and Pavilion Towers are Petitioner's property. [Doc. 48 at 4.]  The records kept by Carolina First and Pavilion Towers are their property, over which Petitioner can assert neither ownership nor possession.  *United States v. Miller*, 425 U.S. 435, 440 (1976).  Further, Petitioner has no expectation of privacy in the information contained in the records because he voluntarily conveyed the information to Carolina First and Pavilion Towers.  *Id.* at 442–43.  Therefore, to the extent Petitioner bases any claim on the fact that the information sought by the summonses is Petitioner's property, the claim should be dismissed.

Amendment was not implicated when the government sought a subpoena of the defendant's bank records and stating, "This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." (citation omitted)); *see also United States v. Hambrick*, 225 F.3d 656, 2000 WL 1062039, at *4 (4th Cir. 2000) (unpublished table decision) (discussing *Miller*'s impact on the case before the court and concluding "[t]he information subject to the motion to suppress is merely third-party business records, and therefore, [the defendant's] Fourth Amendment claim cannot succeed"). Further, to overcome Petitioner's Petition to quash the summonses, the United States need not make a showing that the IRS had probable cause to issue the administrative summonses. *Powell*, 379 U.S. at 57. The United States must show only the four factors described and discussed above: (1) the summons is issued for a legitimate purpose, (2) the information is relevant for that purpose, (3) the IRS does not already possess the information sought, and (4) the IRS followed all administrative steps in issuing the summons. *Id.* at 58. As discussed above, the Court finds Petitioner has failed to overcome the United States' prima facie showing with respect to these four factors. Accordingly, the summonses do not violate Petitioner's Fourth Amendment rights. *See Miller*, 425 U.S. at 444; *Donaldson v. United States*, 400 U.S. 517, 522 (1971).

Moreover, the summonses do not violate Petitioner's Fifth Amendment right against self-incrimination or to due process. The Fifth Amendment right against self-incrimination is a personal right and "does not proscribe incriminating statements elicited from another."

*Couch v. United States*, 409 U.S. 322, 328 (1973). Accordingly, the Fifth Amendment right against self-incrimination is not implicated in this case because the summonses were issued to third parties, not Petitioner.[7]

Further, "[d]ue process is served by requiring the government to make a prima facie case and is further protected by allowing the taxpayer an opportunity to rebut such a showing." *Ironwood Trading, LLC v. United States*, 8:07-mc-59-T-30MSS, 2008 WL 817066, at *7 (M.D. Fla. Mar. 25, 2008), *aff'd sub nom. Nero Trading, LLC v. U.S. Dep't of Treasury*, 570 F.3d 1244 (11th Cir. 2009); *see* 26 U.S.C. § 7609(b)(2) (outlining right to bring petition to quash a summons). Therefore, by petitioning to quash the summonses, Petitioner is exercising his Fifth Amendment due process right. Consequently, the summonses do not violate Petitioner's Fifth Amendment right against self-incrimination or to due process.

**Motions to Dismiss**

Carolina First and Pavilion Towers argue the action should be dismissed as to them because Petitioner does not direct any allegations to them; Carolina First and Pavilion Towers contend Petitioner argues only that the IRS lacked authority to issue the summonses to these defendants. [Doc. 23-1 at 2; Doc. 42-1 at 2.] Further, Carolina First and Pavilion Towers contend Petitioner's petition to quash is moot because Carolina First

---

[7] Additionally, a blanket assertion of the privilege against self-incrimination is insufficient to avoid disclosing information; "[o]ne claiming the privilege must have 'reasonable cause' to fear that disclosure might tend to incriminate him," which must be clear on the face of the question or in light of other known facts. *United States v. Hatchett*, 862 F.2d 1249, 1251 (6th Cir. 1988) (citing *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983)); *see also United States v. Schmidt*, 816 F.2d 1477, 1481–82 (10th Cir. 1987) ("Appellants' generalized fear of criminal prosecution for a violation of the tax laws is an insufficient basis for asserting a blanket claim of the Fifth Amendment privilege in refusing to produce any of the documents requested by the summonses." (footnote omitted)).

and Pavilion Towers have complied with the summonses, and therefore, Petitioner cannot obtain any relief from these defendants. [Doc. 23-1 at 3; Doc. 42-1 at 3.]

As explained above, Petitioner has failed to rebut the United States' prima facie showing that the summonses were issued in good faith, and Petitioner has no property or privacy interest in the information sought to be obtained through the summonses to Carolina First and Pavilion Towers. Accordingly, the Court recommends Carolina First and Pavilion Towers' motions to dismiss be granted.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's amended petition to quash IRS summonses [Doc. 14] be DENIED; Carolina First's motion to dismiss [Doc. 23] be GRANTED; and Pavilion Towers' motion to dismiss [Doc. 42] be GRANTED.

IT IS SO RECOMMENDED.

                                        s/Jacquelyn D. Austin
                                        United States Magistrate Judge

October 13, 2011
Greenville, South Carolina